UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61626-CIV-DIMITROULEAS/HUNT

ASSEMGUL MUKHANBETZHANOVA

        Plaintiff,

vs.

ZHANIYA DYUSSEMBAYEVA and
DANA DYUSSEMBAYEVA,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before this Court on Defendants' Motion to Dismiss for Lack of Jurisdiction and to Quash Defective Service of Process. ECF No. 10. The Honorable William P. Dimitrouleas referred this motion to the undersigned for appropriate disposition or report and recommendation. ECF No. 11. Having considered the Motion, Plaintiff's Response,[1] and Defendants' Reply, the record, and applicable law, the undersigned RECOMMENDS the Motion be DENIED for the reasons outlined below.

In her Complaint Plaintiff alleges that Defendants engaged in unlawful behavior in the transfer of property from their late father to Defendants. Defendants here move for dismissal of the claim pursuant to Fed. R. Civ. P. Rule 12(b) and 28 U.S.C. 1332(a)(3). Defendants primarily argue that, given that all Parties to this lawsuit are citizens of the Republic of Kazakhstan, this Court lacks subject matter jurisdiction. Defendant Zhaniya

---

[1] Plaintiff submitted two versions of her Response at ECF No. 12 and ECF No 13. The Responses appear to be identical but for the attachment of an Exhibit to ECF No. 13. The undersigned therefore references only ECF No. 13.

Dyussembayeva, in an affidavit, states that she is in the United States on a student visa, while her sister, Defendant Dana Dyussembayeva, lives in the People's Republic of China.  Zhaniya Dyussembayeva states that Plaintiff is likewise a citizen of Kazakhstan, does not live in the United States, and last visited the United States on a tourist visa.

Defendants also allege that service on Dana Dyussembayeva was improper, as she does not reside in the United States and Plaintiff did not properly effect service at Dana Dyussembayeva's usual place of abode.  Instead, Defendants contend, Plaintiff merely served Zhaniya Dyussembayeva on Dana Dyussembayeva's behalf, which is not proper service.  Defendants explain that Dana Dyussembayeva's usual place of abode is, in fact, not in this country at all.  Likewise, Zhaniya Dyussembayeva is not an agent authorized to accept service on behalf of her sister.  Therefore, Defendants contend, service was improper.

Plaintiff responds that Defendants' focus on citizenship is misplaced and contends that the relevant inquiry is instead domicile.  Plaintiff contends that Defendants are both domiciled in Hallandale Beach, Florida, and own property in the state, and that this should be considered when determining the question of jurisdiction.  Plaintiff also contends that service on Defendant Dana Dyussembayeva was proper, as she was served at her "usual place of abode," and argues that Dana Dyussembayeva has provided no evidence to support her contention that she lives abroad.  Plaintiff also requests that jurisdictional discovery be allowed if the Court finds jurisdiction problematic.

Defendants reply that the fact that one Defendant temporarily resides in Florida and the other is listed on a quit claim deed does not overcome the fact that all parties here are foreign citizens.  Domicile, according to Defendants, is irrelevant in this situation.

Only Defendants' immigration status matters, Defendants contend. Defendants also argue that Plaintiff's alleged Proof of Service on Defendant Dana Dyussembayeva cannot be relied upon because it is not before this Court, in plain violation of Fed. R. Civ. P. Rule 4(l)(1).

As a general rule, "Article III ... does not permit actions between aliens." *Antonier v. Miller*, No. 211CV307FTMUADNF, 2012 WL 13097991, at *2 (M.D. Fla. Feb. 23, 2012) (quoting *Gardiner v. Kelowna Flightcraft, Ltd.*, No. 2:10-CV-947, 2011 WL 3904997, at *3 (S.D. Ohio Sept. 6, 2011)) (alteration in original). Indeed, "[i]t is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000) (citing *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1558 (11th Cir.1989)).

It is undisputed that all three of the Parties to this lawsuit are citizens of the Republic of Kazakhstan. Although that would seem fatal to this Court's subject matter jurisdiction, Plaintiff encourages the Court to look beyond mere citizenship, and instead look to the Parties' domicile. It is true courts in this district have noted "several cases [that] seem to indicate that an alien can be considered a citizen of a state by becoming classified as a 'permanent resident' of the United States and establishing a domicile in a state." *Ragali v. Circle K. Stores, Inc.*, No. 10-80455-CIV-DIMITROULEAS, 2010 WL 11602740, at *4 (S.D. Fla. June 23, 2010). Nonetheless,"[i]t is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (citing *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir.2002)).

Even assuming *arguendo* that Plaintiff is correct that this Court should look to the Parties' domicile to determine whether the Court has subject matter jurisdiction, Plaintiff has failed to demonstrate by a preponderance of evidence that Defendants are indeed domiciled in Florida. Plaintiff in her complaint states only that "the parties are completely diverse," and that Defendants live in Hallandale Beach, Florida. ECF No. 1 at 1. As further evidence, Plaintiff has filed a quit claim deed which transfers property in Hallandale Beach to Defendants. In the deed, Defendants are listed as residing at the property they were deeded.[2] ECF No. 13-1.

Against this, Defendants have submitted copies of their Passports, both of which were issued by the Republic of Kazakhstan. ECF No. 14-1. Zhaniya Dyussembayeva also submitted a copy of her visa, indicating her Visa Type/Class as F1, a student visa,[3] and featuring an annotation indicating matriculation at Broward College. ECF No. 14-2. In an affidavit, Zhaniya Dyussembayeva affirms that she is indeed a citizen of the Republic of Kazakhstan, is here on a student visa, and is not a permanent resident of the United States. ECF No. 10-1.

Dana Dyussembayeva's visa is of a type B1/B2, indicating a temporary business or tourist visitor.[4] Dana Dyussembayeva's I-94 form indicates that she was last in the United States on January 8, 2020. ECF No. 14-5. Zhaniya Dyussembayeva in her affidavit also affirmed that Dana Dyussembayeva is a citizen of the Republic of

---

[2] Plaintiff claims to have "submitted an affidavit, as well as affidavits from the process servers who made contact with the Defendants." ECF No. 13 at 2-3. However, no such documents can be found on the docket.

[3] *Student Visa,* https://travel.state.gov/content/travel/en/us-visas/study/student-visa.html.

[4] *Visitor Visa,* https://travel.state.gov/content/travel/en/us-visas/tourism-visit/visitor.html.

Kazakhstan currently living in the Republic of China.  ECF No. 10-1.  Zhaniya Dyussembayeva affirmed that her sister had never lived at the Hallandale Beach address. *Id.*

It is Plaintiff's burden to establish diversity of the Parties.  In support of jurisdiction, Plaintiff has submitted a quit claim deed.  Against this, Defendants have submitted an affidavit disclaiming permanent residence, as well as visas and travel documents supporting their position.  On the facts now before the Court, Plaintiff has not met her burden to establish jurisdiction, and the undersigned therefore would recommend the case be dismissed.[5]

The undersigned does, however, note that Plaintiff "ask[s] this Court to allow Plaintiff to conduct jurisdictional discovery, and submit for more briefing as to determine

---

[5]    Defendant also challenges whether service was proper as to Dana Dyussembayeva, as she does not and has not lived at the address at which she was served. As the undersigned would recommend the case be dismissed for lack of subject matter jurisdiction, the service issue is likely moot.  However, in the interest of completeness, the undersigned briefly addresses the service issue.  "Initially the defendant has the burden of challenging the sufficiency of service and 'must describe with specificity how the service of process failed to meet the procedural requirements of Fed.R.Civ.P. 4.'" *Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012) (citing *Hollander v. Wolf,* No. 09–80587–CIV-RYSKAMP, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009)).  "Once the defendant carries that burden, then the burden shifts to the plaintiff to prove a *prima facie* case of proper service of process." *Id.*  As outlined previously, Plaintiff has failed to establish that Dana Dyussembayeva does, indeed, live at the Hallandale Beach address.  Plaintiff claims that she is in possession of a Return of Service demonstrating that service was proper, but as with the jurisdictional issue, nothing on the docket supports Plaintiff's claim.  Indeed, the quit claim deed is the only evidentiary support for either of Plaintiff's contentions.  Against this, Defendants have filed significant evidence indicating Dana Dyussembayeva does not, in fact, live at the address at which she was served.  Given the evidence and Plaintiff's burden, the undersigned also finds Plaintiff has not adequately demonstrated that Dana Dyussembayeva was properly served.

whether this instant Court is proper on a jurisdictional basis." ECF No. 13 at 3. It is true that "when facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a 'qualified right to jurisdictional discovery,'" *Am. C.L. Union of Fla., Inc. v. City of Sarasota,* 859 F.3d 1337, 1341 (11th Cir. 2017) (citing *Eaton v. Dorchester Dev*., Inc., 692 F.2d 727, 731 (11th Cir. 1982)); *see also Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017) ("The right to jurisdictional discovery is a qualified one, available when a court's jurisdiction is genuinely in dispute.").

This Court observes that "a conclusory request for discovery without any explanation as to how the information sought was relevant to jurisdiction," will not justify jurisdictional discovery. *Funez v. CMI Leisure Mgmt., Inc.*, 482 F. Supp. 3d 1252, 1255 (S.D. Fla. 2020). Arguably, Plaintiff has offered little more than this. Further, "[t]he decision to allow jurisdictional discovery is very much a product of the timing and nature of any jurisdictional discovery request." *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1146 (S.D. Fla. 2007). A court is less likely to grant jurisdictional discovery when a party has had an opportunity to conduct discovery but has simply failed to do so, as opposed to before a party has had the opportunity for discovery. Again, Plaintiff arguably has already had the opportunity to conduct discovery and claims to have adequate proof that jurisdiction is warranted, but has not provided such proof to the Court.

Still, "[u]nder Federal Rule of Civil Procedure 12(b)(1), a party may challenge whether the court has subject matter jurisdiction in two ways: facial attacks and factual attacks. *Matter of Michael H. Gary Rev. Tr. DTD. 12/23/1996*, No. 8:21-CV-682-WFJ-AAS, 2021 WL 8085219, at *1 (M.D. Fla. July 29, 2021) (citations omitted). "A factual

challenge disputes the existence of subject matter jurisdiction by using materials outside the pleadings, such as affidavits or testimony." *Id.* Defendants have here asserted a factual challenge to the Court's subject matter jurisdiction, and when such a challenge is asserted "the court 'must give the plaintiff an opportunity for discovery.'" *Id. (*quoting *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981)). Plaintiff has alleged, albeit anemically, that such discovery would demonstrate that this Court does, indeed, have subject matter jurisdiction over the case.

Therefore, should the District Court agree that the Court lacks subject matter jurisdiction over the matter on the evidence before it, some limited jurisdictional discovery could be allowed. However, should the District Court in its discretion allow such discovery, the undersigned recommends that the discovery be limited only to the issues of citizenship and residence status of Defendants, as well as the status of their domicile in Florida.

**RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendants' Motion to Dismiss for Lack of Jurisdiction and to Quash Defective Service of Process. ECF No. 10, be DENIED without prejudice, and that Plaintiff be allowed to conduct limited jurisdiction discovery as to the citizenship, resident status, and domicile of Defendants.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 1st day of November 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record